Commonwealth *v.* Hamilton, Appellant.

Submitted June 10, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Robert M. Pressman,* and *Pressman and Lipsky,* for appellant.

*Karl Lunkenheimer, David Richman, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 23, 1974:

This is an appeal from a denial of Post Conviction Hearing Act Petition. The petition alleged a denial of effective assistance of counsel. Following a hearing, the petition was denied by the Honorable Ethan Allen DOTY, and we affirm.

Appellant was tried in April of 1972 on charges of burglary and armed robbery. At that time he was represented by an attorney from the Defender's Association who had filed pre-trial motions to suppress physical evidence, statements, and identification. Prior to the commencement of the trial, the attorney was allegedly informed by the district attorney assigned to the case that there were no identifications in the case.[1] In view of

---

[1] The district attorney's statement was made in the context of the discussion of a suppression motion. Apparently, his comment

this fact and the fact that there had been no line-up, photographic display, or other identification confrontation before the day of trial, appellant's attorney withdrew his motion to suppress identifications.

At trial, the victims of the crime were unable to identify the appellant. Two women who lived across the street and witnessed the attempted get-away of the robbers, identified the appellant as one of the men who struggled with the victim as the men were trying to flee. Counsel for the appellant did not object to their testimony but vigorously cross-examined them regarding the basis for their identification.

Counsel did, however, raise the issue on post-trial motions, alleging that he was misinformed by the district attorney concerning the existence of identifications in the Commonwealth's case. Counsel argued that he would not have withdrawn the motion to suppress the identifications had he not been so misinformed and that his failure to object during the trial was inadvertent and not motivated by any tactical choice. Indeed, counsel admitted his own ineffectiveness, stating that there could be no sound reason for not objecting inasmuch as the only evidence placing appellant at the scene of the crime was the identification testimony.

On the surface, appellant's argument appears to be meritorious. The erroneous information supplied by the district attorney directly resulted in counsel's decision to forego the motion to suppress. Although this cannot be termed incompetency, it is clear that but for the misinformation, counsel's tactical decisions would have been drastically altered. However, it is also clear that appellant's case has not been affected by these events. Except for the incident itself, the two witnesses did not

---

that there were no identifications in the case was in reference to pre-trial identifications to which a suppression motion might be directed, rather than the existence of the identification witnesses at trial.

see appellant until the day of trial. There were no pre-trial identification confrontations which could have been suppressed on the basis of suggestiveness or the lack of counsel. The only identifications made by the witnesses were those which occurred during the trial itself which, absent a suggestive pre-trial confrontation which tainted the trial identification, would not have been the subject of a pre-trial motion to suppress.[2] Thus, counsel's withdrawal of the suppression motion was not prejudicial to appellant's rights.

Order affirmed.

[2] One of the witnesses saw appellant in the calendar room immediately prior to the commencement of trial. However, when appellant's name was called for assignment to a courtroom, the witness was out of the room, thus negating the existence of any possible suggestiveness at this encounter.